**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HOWARD GORDON, Jr.,** ) <br> ) <br> **Petitioner**, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) <br> _____) | CV 08-0494 AWI <br> (CR 06-0059 AWI) <br> <br> ORDER DIRECTING <br> SUBMISSION OF <br> DECLARATION BY <br> PETITIONER'S TRIAL <br> COUNSEL |

On April 7, 2008, petitioner Howard Gordon, Jr. ("Petitioner") moved to correct, vacate or set aside his sentence of 57 months custody imposed for violation of one count of 21 U.S.C. §§ 841(a)(1), 841(1)(b)(B), and 846, attempted possession with intent to distribute cocaine and aiding and abetting. On June 19, 2008, Petitioner moved for appointment of counsel. For the reasons that follow, the court will direct Petitioner's trial attorney to file a declaration stating specified facts and will defer decision on Petitioner's request for appointment of counsel.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Petitioner was convicted by plea of guilty to one count of attempted possession with intent to distribute cocaine and aiding and abetting on March 26, 2007. Pursuant to the negotiated plea agreement, Petitioner waived rights to appeal or collaterally attack his sentence. Government agreed to recommend a 3-level reduction for acceptance of responsibility and a 2-level "safety valve" reduction and agreed to recommend sentencing at the bottom of the guideline

range. Petitioner was sentenced on June 4, 2007 to a term of 57 months custody, three months below the statutory minimum of 60 months. Judgment was entered on June 13, 2007.

The instant motion to vacate, correct or set aside the sentence was timely filed on April 7, 2008. In his motion, Petitioner makes the single claim that he suffered ineffective assistance of counsel when this attorney failed to file a notice of appeal even though Petitioner informed his attorney that Petitioner wanted to file an appeal. Petitioner filed a motion for appointment of counsel on June 19, 2008.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I. Ineffective Assistance of Counsel – Right to Appeal**

To establish a constitutional violation for the ineffective assistance of counsel, a

2

defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  Under usual circumstances, a petitioner bears a heavy burden to show prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  Courts have, however, recognized certain situations where prejudice may be presumed.  Courts, including the Supreme Court, have long held that a lawyer who fails to file a notice of appeal when his client specifically requests that an appeal be filed "acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (hereinafter "Flores-Ortega").  Prior to Flores-Ortega the Ninth Circuit had established a bright-line rule that counsel's performance was deficient as a matter of law where a notice of appeal was not filed unless there was specific instruction from the defendant not to file an appeal.  Id. at 478; United States v. Stearns, 68 F.3d 328, 329-330 (9th Cir. 1995); Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir. 1992).  The decision in Flores-Ortega moderated the bright-line approach of Stearns and Lozada by removing the presumption of prejudice in the case where there is no affirmative direction by the defendant to not file an appeal, and replaced that presumption with an inquiry that asks whether, in the case where there was no clear direction by the defendant to not file an appeal, there would have been a reasonable probability that an appeal would have been requested.  See Flores-Ortega, 528 U.S. at 484 ("to show prejudice in [the circumstance where there is no clear evidence for request for appeal] a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed").

It is significant that neither Flores-Ortega or the Ninth Circuit cases that were examined in Flores-Ortega, including Stearns and Lozada, involved waivers of the right of appeal.  Flores-Ortega specifically noted and did not disturb the well established rule that, where a defendant who "specifically tells his attorney *not* to file and appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."  Id. at 477.

The question that naturally arises is whether a defendant's clear and unequivocal waiver of the right of appeal in a negotiated plea agreement constitutes a *de facto* instruction to his attorney to not file an appeal.  In the absence of any authority to the contrary, it would be this court's approach to look first to the waiver of the right to appeal and, in the absence of any evidence to show the waiver was coerced, uninformed or otherwise involuntary, to find that such waiver constituted an instruction to the defendant's attorney to not file a notice of appeal.  Upon finding a valid waiver, the court would not presume prejudice under Flores-Ortega but would base its conclusion concerning the adequacy of counsel's representation on an examination of whether counsel's acceptance of the waiver constituted deficient performance.

As it happens, however, contrary authority exists.  The Ninth Circuit, in United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), examined a habeas corpus petition that alleged ineffective assistance of counsel based on the refusal of counsel to file a notice of appeal following execution of a plea agreement that waived the right of appeal in exchange for substantial benefit.  See id. at 1194-1195.  The Sandoval-Lopez court noted that the trial court should have conducted an evidentiary hearing to assess the truthfulness of the petitioner's claim that he had actually requested his attorney file a notice of appeal.  Id. at 1196.  In the absence of such a hearing, however, the court applied the framework in Flores-Ortega without consideration of the effect of the waiver and came to the conclusion that an evidentiary hearing was necessary to determine the truthfulness of the petitioner's claim.  The Sandoval-Lopez court further held that, if it was found that a request for appeal was unequivocally made by the petitioner and refused by petitioner's attorney, the prejudicially deficient representation is to be presumed and the district court is bound by case authority to "vacate and reenter the judgment, allowing the appeal to proceed."  Id. at 1198.

The Sandoval-Lopez court noted that the decision it reached was "troubling," id. at 1196, and at least one other circuit has suggested that the validity of the waiver of the right to appeal is a more appropriate starting point in the analysis in cases where there is a waiver.  See United

1  States v. Mabry, 536 F.3d 231, 240 (3rd Cir. 2008) (opining that the application of the Flores-
2  Lopez framework to cases where plea agreements have waived rights to appeal represents an
3  over-expansion of the holding in Flores-Lopez.).  At this point the court need not confront the
4  possible consequences of requiring an attorney to file a notice of appeal even though the right to
5  the appeal has been waived.  Rather, pursuant to Sandoval-Lopez, this court's first task is to
6  establish the factual basis for Petitioner's claim.  The court will begin by requiring Petitioner's
7  trial attorney, Richard Barnwell, to submit a statement detailing his recollection of any
8  conversation that was had between himself and petitioner regarding the filing of a notice of
9  appeal.  The court will then proceed as facts warrant.  The court will defer ruling on Petitioner's
10 request for appointment of counsel pending receipt of a reply from Petitioner's attorney.

12         THEREFORE, it is hereby ORDERED that Richard Barnwell shall submit a declaration
13 to the court stating his recollection concerning any conversation(s) he had with Petitioner
14 wherein Petitioner's right to file an appeal was discussed, and shall state whether or not he
15 recollects any specific request by Petitioner to file a notice of appeal.  Such declaration shall be
16 filed and served not later than fourteen (14) days from the date of service of this order.  The clerk
17 of the court shall serve this order by mail at the following address:

>   Law Office of Richard Barnwell
>   950 S. Flower Street
>   Suite 100
>   Los Angeles, CA 90015

Respondent United States shall take no action until requested to do so by the court.

IT IS SO ORDERED.

**Dated:   November 19, 2008**          **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE

5