1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD GORDON, Jr.,        ) | CV 08-0494 AWI |
|         Petitioner,  ) | (CR 06-0059 AWI) |
|         ) | |
|     v.        ) | ORDER DIRECTING |
|         ) | SUBMISSION OF |
| UNITED STATES OF AMERICA,    ) | STATEMENT OF |
|         ) | OPPOSITION OR NON- |
|         Respondent.  ) | OPPOSITION BY |
|         ) | RESPONDENT |

On April 7, 2008, petitioner Howard Gordon, Jr. ("Petitioner") moved pursuant to 28 U.S.C. § 2255 to correct, vacate or set aside his sentence of 57 months custody imposed by this court for one count of attempted possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(1)(b)(B), and 846.  Petitioner's sole allegation in his motion pursuant to 28 U.S.C. § 2255 (hereinafter, the "2255 Motion") is that he suffered ineffective assistance of counsel when his attorney failed to file a notice of appeal when requested to do so.  On June 19, 2008, Petitioner moved for appointment of counsel.  On November 20, 2008, the court ordered Petitioner's attorney, Richard Barnwell, to submit a declaration setting forth any recollection he may have had regarding any request by Petitioner to file a notice of appeal.  On November 26, 2008, Petitioner's attorney submitted a declaration stating, "I do not recall [Petitioner's] request to file a notice of appeal."  Doc. # 394 at 1:22.

As facts now stand, Petitioner alleges in his 2255 Motion that he specifically instructed

his attorney that Petitioner wanted a notice of appeal filed on his behalf and that his attorney only

answered by stating that the right to appeal had been waived in the plea agreement. Petitioner's

attorney states that he does not recall any instruction to file a notice of appeal, although he does

recall discussing the entire contents of the plea agreement with Petitioner.  Significantly,

Petitioner's attorney does not directly contradict Petitioner's version of the facts, he merely has

no recollection of having been specifically told to file a notice of appeal.

    As noted by the court in its order of November 20, 2008, the court is bound under the

facts of this case by the Ninth Circuit Court's decision in United States v. Sandoval-Lopez, 409

F.3d 1193 (9th Cir. 2005) ("Sandoval-Lopez").  Under Sandoval-Lopez, where a defendant

timely notifies his attorney that the defendant wishes to file an appeal, even where the right to

appeal has been waived by the defendant in a negotiated plea agreement, the court must presume

prejudicial ineffective assistance of counsel if the notice of appeal is not filed.  In such a case, the

court must grant the writ, and vacate and reenter judgment allowing the defendant to file a notice

of appeal.  Id. at 1198.  Where there is a contested issue of fact as to whether there was a clear

instruction by the defendant to his attorney to file a notice of appeal, the court is obliged to hold

an evidentiary hearing to determine whether the instruction was, in fact, given.  Id.

> Alternatively, the government may choose not to oppose [the defendant's]
> petition and to let him appeal.  The government might choose this alternative to
> free itself from the restraint of the plea bargain, or because getting the appeal
> dismissed would be less work than an evidentiary hearing.
>
> [. . . .]
>
> Or, if the [government] does not object, the district court can vacate and reenter
> the judgment without a hearing and allow the appeal to proceed, assuming without
> deciding that the petitioner's claim is true.  The case at bar is a particularly plain
> instance of where "ineffective assistance of counsel" is a term of art that does not
> mean incompetence of counsel.  It may be very foolish to risk losing a [favorable]
> plea bargain in an appeal almost sure to go nowhere, in a major [drug] case.
> Nevertheless the client has the constitutional right, under [Roe v. Flores-Ortega,
> 528 U.S. 470 (2000)] and [Puguero v. United States, 526 U.S. 23 (1999)], to bet
> on the possibility of winning the appeal and then winning a acquittal [or a more
> favorable sentence],  just as a poker player has a right to hold the ten and queen of
> hearts, discard three aces, and pray that when he draws three cards, he gets a royal
> flush.

1    Id.

2          The Sandoval-Lopez court expressed some discomfort with the decision it reached, and

3    this court shared that discomfort in its November 20, 2008, order.  There appears, however, no

4    basis for distinguishing the instant case from that of Sandoval-Lopez, and so this court is bound

5    by the Ninth Circuit's decision.  The court will leave it to respondent United States

6    ("Respondent") to decide whether to oppose or not oppose Petitioner's motion for writ of habeas

7    corpus.  If Respondent opposes the motion for writ, the court will schedule an evidentiary

8    hearing and will thereafter decide if Petitioner has carried his burden to show ineffective

9    assistance of counsel.  If Respondent does not oppose, the court will vacate and reenter judgment

10   and will direct Petitioner's attorney to file a notice of appeal.

11         While the foregoing is required under Sandoval-Lopez, Petitioner is hereby cautioned

12   that, while he may prevail to the extent he may be permitted to file an appeal, the filing of such

13   appeal will likely breach his plea agreement with the government, and will leave the government

14   free to move to impose a sentence that is more severe than the sentence Petitioner is now serving.

15   Put bluntly, Petitioner is cautioned to understand that the government's agreement to recommend

16   "safety valve" relief and downward departure for acceptance of responsibility is a bargained-for

17   benefit that the government recommended in exchange for waiver of appellate rights because the

18   waiver of those rights by a defendant saves the government time and money.  A defendant cannot

19   reasonably expect to receive the benefits of a bargain wherein he agrees to waive rights to appeal

20   or collaterally attack his sentence when he reneges on his agreement.  Petitioner is advised that

21   the decision to proceed with his motion for writ of habeas corpus may ultimately have negative

22   consequences and he should consult with his trial counsel before deciding to proceed.

23

24         THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that:

25   1.   Respondent United States shall file and serve a brief statement of opposition or non-

26         opposition to Petitioner's motion for habeas corpus relief not later than fourteen (14) days

27

28                                                     3

from the date of service of this order.  If Respondent opposes Petitioner's motion, Respondent shall very briefly state the basis for such opposition.  Legal argument or extensive briefing is not requested at this time.

2.    If Petitioner desires to withdraw his motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, he may file and serve a notice of withdrawal of motion not later than twenty-one (21) days from the date of service of this order.  If no notice of withdrawal of the motion is received, the court will proceed on the assumption Petitioner intends to file a notice of appeal.

IT IS SO ORDERED.

**Dated:    December 11, 2008**                          /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE

4