IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOWARD GORDON, Jr.,**<br>        **Petitioner**,<br>   v.<br>**UNITED STATES OF AMERICA,**<br>        **Respondent.** | CV 08-0494 AWI<br>(CR 06-0059 AWI)<br><br>**ORDER GRANTING WRIT,<br>VACATING ORDER OF<br>JUDGMENT AND ORDERING<br>NEW ENTRY OF JUDGMENT** |

On April 7, 2008, petitioner Howard Gordon, Jr. ("Petitioner") moved to correct, vacate or set aside his sentence of 57 months custody imposed for violation of one count of 21 U.S.C. §§ 841(a)(1), 841(1)(b)(B), and 846, attempted possession with intent to distribute cocaine and aiding and abetting. The sole basis for Petitioner's motion pursuant to 28 U.S.C. § 2255 is his allegation that he suffered ineffective assistance of counsel when he specifically requested that a notice of appeal be filed and his attorney refused because the right to appeal had been waived in the plea agreement. In an order filed on December 12, 2008, the court directed counsel for the government to file notice of intent to contest or not contest Petitioner's allegation that he made a specific request of his attorney to file a notice of appeal. Doc. # 396. In the same order, the court notified Petitioner that in the absence of any notice to the contrary, the court would assume that Petitioner wishes to proceed to file a notice of appeal and a subsequent appeal despite the potential adverse consequences of such action. On March 17, 2009, the government filed a

notice of non-opposition. As of this writing, Petitioner has not notified the court of any intent to not pursue an appeal.

The court has previously discussed the obligation of defense counsel to file a notice of appeal under United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), and that discussion need not be repeated here. In brief, where, as here, it is not disputed that a defendant specifically requested that a notice of appeal be filed within the statutory time limit and the notice of appeal was not timely filed, the court must find prejudicial ineffective assistance of counsel even though the right to appeal was specifically waived by the plea agreement. Id. at 1198. Where ineffective assistance is found, the remedy is to vacate and reenter judgment thereby allowing the timely filing of a notice of appeal.

THEREFORE, for the reasons discussed here and as discussed in the court's prior orders in Documents #'s 392 and 396 it is hereby ORDERED that the judgment that was previously entered as to Petitioner on June 13, 2007 is hereby VACATED. The Clerk of the Court shall reenter judgment as of the date of filing of this order. The Clerk of the court shall electronically serve this order on Petitioner's attorney of record at the time of sentencing, Mr. Richard Barnwell. Mr. Barnwell is hereby ORDERED to complete and file a NOTICE of APPEAL with the Ninth Circuit Court of Appeal within ten (10) days of the date of service of this order. In the event that Mr. Barnwell is unable to complete and file the notice of appeal within the ten-day period, he is ORDERED to contact the court forthwith and the court will vacate and reenter judgment as needed to permit timely filing of the notice of appeal. Mr. Barnwell is hereby informed that Petitioner's address of record is F.C.I. Terminal Island, San Pedro California, #43652-112.

IT IS SO ORDERED.

**Dated:   July 13, 2009**                              /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE

2