IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD GORDON, Jr., ) <br> ) <br> **Petitioner**, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> **Respondent.** ) <br> _____ ) | CV 08-0494 AWI <br> (CR 06-0059 AWI) <br><br> **ORDER GRANTING WRIT, VACATING ORDER OF JUDGMENT AND ORDERING NEW ENTRY OF JUDGMENT** |

　　　　On April 7, 2008, petitioner Howard Gordon, Jr. ("Petitioner") moved to correct, vacate or set aside his sentence of 57 months custody imposed for violation of one count of 21 U.S.C. §§ 841(a)(1), 841(1)(b)(B), and 846, attempted possession with intent to distribute cocaine and aiding and abetting. The sole basis for Petitioner's motion pursuant to 28 U.S.C. § 2255 is his allegation that he suffered ineffective assistance of counsel when he specifically requested that a notice of appeal be filed and his attorney refused because the right to appeal had been waived in the plea agreement. In an order filed on December 12, 2008, the court directed counsel for the government to file notice of intent to contest or not contest Petitioner's allegation that he made a specific request of his attorney to file a notice of appeal. Doc. # 396. In the same order, the court notified Petitioner that in the absence of any notice to the contrary, the court would assume that Petitioner wishes to proceed to file a notice of appeal and a subsequent appeal despite the potential adverse consequences of such action. On March 17, 2009, the government filed a

1  notice of non-opposition. As of this writing, Petitioner has not notified the court of any intent to
2  not pursue an appeal. On July 15, 2009, the Court issued a writ and vacated the judgment against
3  Petitioner. The Court ordered the clerk to enter a new judgment and ordered Petitioner's counsel
4  to either file a notice of appeal or inform the Court of his inability to timely file the notice of
5  appeal within ten (10) days. The order indicated that the Court would vacate and reenter
6  judgment in the event it received notice in order to permit the filing of a timely appeal. On July
7  22, 2009, Petitioner's counsel filed a notice of inability to timely file. On August 17, 2009,
8  Petitioner's counsel filed a notice of appeal.

9  　　　The court has previously discussed the obligation of defense counsel to file a notice of
10 appeal under United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), and that
11 discussion need not be repeated here. In brief, where, as here, it is not disputed that a defendant
12 specifically requested that a notice of appeal be filed within the statutory time limit and the notice
13 of appeal was not timely filed, the court must find prejudicial ineffective assistance of counsel
14 even though the right to appeal was specifically waived by the plea agreement. Id. at 1198.
15 Where ineffective assistance is found, the remedy is to vacate and reenter judgment thereby
16 allowing the timely filing of a notice of appeal.

18 　　　THEREFORE, for the reasons discussed here and as discussed in the court's prior orders
19 in Documents #'s 392, 396, and 439 it is hereby ORDERED that the judgment that was
20 previously entered as to Petitioner on July 14, 2009, is hereby VACATED. The Clerk of the
21 Court shall reenter judgment as of August 14, 2009. The Clerk of the court shall electronically
22 serve this order on Petitioner's attorney of record at the time of sentencing, Mr. Richard
23 Barnwell.

25 IT IS SO ORDERED.

26 **Dated:   August 18, 2009**　　　　　　　　　**/s/ Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

28 　　　　　　　　　　　　　　　　　2